HARRIET WORK NEWTON, PLAINTIFF, v. HARRY ALLAN
NEWTON, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 2, 1957.

*Messrs. Milton, McNulty & Augelli (Mr. Angelo A. Mastrangelo appearing), attorneys for plaintiff.*

*Mr. Robert E. Pollan, attorney for defendant.*

HEGARTY, J. S. C. The pending proceedings for consideration and determination are: (1) on plaintiff's notice of motion and supporting affidavit for an order of court requiring defendant to pay to her, during the pendency of this suit, a reasonable sum for counsel fees and suit moneys to enable her to prosecute said action; (2) on defendant's notice of motion, supported by a memorandum of facts and law, for an order dismissing the complaint filed herein by plaintiff on the ground that she has failed to set out a cause of action therein.

The plaintiff, Harriet Work Newton, a resident of New York, is the divorced wife of the defendant, Harry Allan Newton, a resident of New Jersey, and has the care, custody and education of the infant child of the marriage.

Plaintiff's action is styled "Complaint for Support of Child" and sets forth that an agreement was entered into between the parties which provided, *inter alia,* that defendant was to pay plaintiff for the support of their minor child the sum of $75 per month.

On July 5, 1955 plaintiff obtained a judgment and decree of divorce in Nevada in an action in which defendant filed answer and appeared by attorney. The allegation by plaintiff that the agreement of May 7, 1954 was incorporated and made part of the judgment of divorce is incorrect. An examination of the copy of said judgment and decree of

divorce annexed to plaintiff's complaint reveals that the agreement of May 7, 1954 was introduced in evidence, marked Exhibit "A," and ratified and approved with the proviso that said agreement shall not be merged herein but shall survive this judgment and decree and shall continue in full force and effect as a contract and contractual obligation of the parties hereto and they hereby are directed to comply with the terms thereof.

The complaint further alleges that defendant resides in New Jersey; that he has remarried, and since June 1, 1956 has neglected and refused to support the child as provided for in said separation agreement of May 7, 1954; that as of October 31, 1956 he was $180 in arrears for the support of the child of the marriage; that the tuition fee of $720 for the education of the child has not been paid nor has plaintiff been reimbursed by defendant for that sum; that he has not submitted proof of the existence of and the payment of premiums thereon, to plaintiff, of a policy of insurance covering his own life in the principal amount of $20,000 for the benefit of said child; that defendant is gainfully employed and owns property and is amply able to maintain and provide for the said minor child in a manner suitable to his position and station in life.

Plaintiff demands judgment for the claimed arrearages, the unpaid medical expenses, $720 covering cost of tuition for the child; that defendant be ordered to pay $125 per month, until further order of court, for the support of said child; that he be ordered to furnish security for the payments of the above-stated amounts; that he be ordered to furnish plaintiff, semi-annually, proof of the existence of and the payment of premiums thereon of an insurance policy covering his own life in amount of $20,000 for the benefit of said minor child; that all future payments for the support of said child be made through Bergen County Probation Department; that defendant be required to pay a proper amount for counsel fees and costs of suit.

Defendant contends that this court lacks jurisdiction and there is no statutory authority to be found in either *R. S.*

9:2–1 or *N. J. S.* 2*A*:34–23, formerly *R. S.* 2:50–37, which will effectuate her claimed demands for relief arising out of the said agreement dated May 7, 1954 because the parties had expressly agreed that the contract be governed by the laws of the state of their domicile (New York) at the time of its execution, and cites *Conwell v. Conwell*, 3 *N. J.* 266, 270 (1949), and cases cited therein, and *Harrington v. Harrington*, 141 *N. J. Eq.* 456 (*Ch.* 1948), modified in 142 *N. J. Eq.* 684 (*E. & A.* 1948), in support of his motion.

It appears that plaintiff has caused two amendments to complaint to be filed: (1) amending paragraph 3 so as to allege that the agreement of May 7, 1954 was not incorporated in the Nevada judgment and decree of divorce, and (2) by adding a second count alleging neglect and refusal by defendant to support said minor child; that although plaintiff is employed, she does not have sufficient funds to provide for the support and education of said child; that defendant is gainfully employed and owns property and is amply able to maintain and provide for the said child in a manner suitable to his position and station in life. Plaintiff demands judgment under this count: (a) ordering defendant to provide suitable support and maintenance for the said child of the marriage; (b) that defendant be compelled to give reasonable security for the payment thereof from time to time under the orders and judgment of this court; (c) that defendant be required to make payments so ordered by this court through the Probation Office of the County of Bergen; (d) that the defendant be ordered to pay reasonable counsel fees and suit moneys to the plaintiff.

The above-stated amendments were not considered in the determinations of the pending applications.

I have carefully examined the complaint and other papers that were placed before me at the time of argument. Upon a consideration of all the circumstances appearing, I have concluded that plaintiff's application for counsel fees and suit money shall continue, without prejudice, until final hearing or further order. Defendant's application will be granted in part and denied in part. As to the claimed

arrearages under the said agreement, medical expenses, and $720 alleged to be due for tuition fees, the defendant's application is granted. Plaintiff's complaint is for support of child. It is true that it refers to the agreement of May 7, 1954 and its terms. However, it plainly alleges that defendant has neglected and refused to support the child of the marriage since June 1, 1956; that defendant has remarried; that he is a resident of this State; that she seeks support by way of judgment demand in a sum in excess of the $75 mentioned in the agreement; that defendant is gainfully employed and owns property and is amply able to maintain and provide for the said child in a manner suitable to his position and station in life. In *Conwell v. Conwell, supra,* the court held:

"If a man comes to this commonwealth he is liable for his child's support under our statutory provisions and if this court secures jurisdiction over his person, or seizes his property located here, it may enforce this obligation whether the child resides here or elsewhere. 'State boundaries do not make court barriers.' *Gasteiger v. Gasteiger,* 5 *N. J. Misc.* 315 *(Ch.* 1927)."

And in the same case we find:

"On the other hand *R. S.* 2:50–37 deals with the situation where the infant children are not within the state but the defaulting parent is and has property with a situs in this state from which he can or should be made to contribute to the support of the children in accordance with the decree of another state final in nature or, if there be none such, then in accordance with the judgment of our courts as to what is reasonable and just in all the circumstances."

While the agreement fixing the amount to be paid for the support and maintenance of the child is not entitled to specific performance it is evidential with regard to the proper amount to be paid for that purpose, but it is not controlling. *Friedman v. Friedman,* 142 *N. J. Eq.* 685, 686 (*E. & A.* 1948).

It becomes apparent that there is ample statutory authority and decisional law to support plaintiff's complaint for support of child as contained in the allegations thereof.

The complaint also charges defendant's failure to furnish proof of the existence of $20,000 insurance policy on his life for the benefit of the child. Obviously sufficient facts are alleged to state a claim for order or judgment directing the specific performance of defendant's agreed undertaking in this connection. *Harrington v. Harrington, supra.*

Defendant's application for dismissal of plaintiff's complaint in so far as it is directed to her claim for support of child and for furnishing proof by defendant of the existence of $20,000 life insurance policy is denied.

Orders in accordance with this opinion. See *R. R.* 4:55–1.